1  JEFF A. HARRISON (SBN 151227)
   JHarrison@theharrisonlawgroup.com
2  SARA PEZESHKPOUR (SBN 260240)
   SPez@theharrisonlawgroup.com
3  **THE HARRISON LAW GROUP, P.C.**
4  139 Richmond Street
   El Segundo, CA 90245
5  Tel: (310) 648-8755
   Fax: (310) 648-8734
6
7  Attorneys for Plaintiff,
   STEWART THOMPSON
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART THOMPSON,<br><br>  Plaintiff,<br><br>vs.<br><br>THE IRVINE COMPANY L.L.C., a Delaware limited liability company; and DOES 1-10, inclusive;<br><br>  Defendants. | Case No.: 8:23-cv-01621-JWH-ADS<br><br>*Hon. John W. Holcomb*<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §51 *et seq.*)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

---

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        1

Plaintiff STEWART THOMPSON ("Mr. Thompson" or "Plaintiff") complains of Defendants THE IRVINE COMPANY L.L.C., a Delaware limited liability company; and DOES 1-10, inclusive (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This is a disability discrimination case. Plaintiff is a wheelchair user. He alleges that, because of his disability, he was and continues to be denied full and equal enjoyment of the Crystal Cove Shopping Center, a shopping center in Newport Beach, California, that is owned and/or operated by Defendant THE IRVINE COMPANY L.L.C., in violation of California's Unruh Civil Rights Act (Cal. Civ. Code §51 *et seq.*).

2. Defendants' discriminatory conduct caused Plaintiff difficulty, discomfort, or embarrassment, and prevented and deterred Plaintiff from accessing or using Defendants' services, facilities, privileges, advantages, or accommodations to the same extent as, and in an equal manner to, his non-disabled peers. Pursuant to the Unruh Act, Plaintiff seeks injunctive relief that requires Defendants to make the Crystal Cove Shopping Center accessible to individuals with mobility disabilities. Pursuant to the Unruh Act, Plaintiff also requests that this Court order Defendants to pay Plaintiff damages for disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce his rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because Plaintiff's claims arise under California law.

4. Venue is proper in this Court because the real property at issue herein is

located in Orange County and Plaintiff's causes of action arose in Orange County.

## PARTIES

5. Plaintiff STEWART THOMPSON ("Mr. Thompson" or "Plaintiff") is, and at all times relevant herein was, substantially impaired in his ability to walk and reliant on a wheelchair for mobility due to a spinal cord injury. Plaintiff is disabled pursuant to California law (Cal. Gov't Code §12926).

6. Plaintiff is informed and believes and thereupon alleges that Defendants THE IRVINE COMPANY L.L.C. and DOES 1-10, inclusive (collectively, "Defendants"), are, and/or at all times relevant herein were, the owners and/or operators of the Crystal Cove Shopping Center, located at 7845-8085 East Coast Highway, Newport Beach, California 92657 (the "Shopping Center").

7. The Shopping Center is a business establishment subject to the provisions of the Unruh Act (Cal. Civ. Code §51(b)).

8. Defendants DOES 1 – 10, inclusive, are sued under fictitious names pursuant to Cal. Code of Civil Procedure §474.

9. Plaintiff is informed and believes, and thereupon alleges, that each of the DOE defendants were and/or are in some manner responsible for the wrongs and damages alleged below, in so acting were and/or are functioning as a director, agent, ostensible agent, alter ego, servant, representative, partner, associate, affiliate, and/or employee of Defendant THE IRVINE COMPANY L.L.C., and in taking or in failing to take the actions mentioned herein were and/or are acting within the course and scope of his, her or their authority as such director, agent, ostensible agent, alter ego, servant, representative, partner, associate, affiliate and/or employee, and/or with the permission and consent of Defendant THE IRVINE COMPANY L.L.C. Plaintiff is further informed and believes and thereupon alleges that each of the DOE defendants

were and/or are, at all times relevant herein, acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other DOE defendants and/or Defendant THE IRVINE COMPANY L.L.C., and are personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and has participated, directed, and ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants as herein described. Defendants THE IRVINE COMPANY L.L.C. and the DOE defendants hereafter referred to, collectively and/or individually, as "Defendants."

10. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTS ON WHICH ALL CLAIMS ARE BASED

11. The Shopping Center is a luxury shopping center near the beach in Newport Beach, California. It contains both fine dining and casual restaurants, upscale

clothing boutiques, specialty food stores, and a Trader Joe's grocery store, among other businesses.

12. Plaintiff is informed and believes, and thereupon alleges, that the Shopping Center is, and/or at all times relevant herein was, owned and/or operated by the Defendants.

13. The Shopping Center is a business establishment subject to the provisions of the Unruh Civil Rights Act. Cal. Civ. Code §51(b).

14. Mr. Thompson is physically disabled due to a spinal cord injury. He is substantially impaired in his ability to walk and uses a wheelchair for mobility.

15. On or about January 29, 2023, Mr. Thompson and his wife joined friends at a restaurant in the Shopping Center known as Javier's for a celebratory lunch.

16. Due to his disability, Mr. Thompson, who has a disabled license plate for his vehicle, must park in a designated accessible parking space with an adjacent designated access aisle to exit and enter his vehicle safely and independently. That day, the two designated accessible parking spaces serving Javier's restaurant were occupied, so Mr. Thompson parked in a designated accessible parking space near Marche Moderne restaurant.

17. Javier's is located on the west side of the Shopping Center, and Marche Moderne is located on the east side of the Shopping Center. The restaurants are separated by a vehicular drive aisle that runs parallel to East Coast Highway. Visitors to the Shopping Center use this vehicular drive aisle to enter the public parking lots that serve Javier's, Marche Moderne, and the other businesses at the Shopping Center.

18. After parking his car, Mr. Thompson wheeled on a crosswalk from the east side of the Shopping Center, where he had parked near Marche Moderne, to the west side of the Shopping Center, where Javier's is located. At the west side of the crosswalk (closest to Javier's), the front wheels of his wheelchair got stuck in one or

more gaps in the crosswalk. The gaps appear to be caused by deteriorated and worn brick pavers that are immediately adjacent to the concrete swale abutting a curb ramp.

19. On information and belief, the gaps cause openings in the crosswalk that exceed ½ inch. On information and belief, the gaps were large openings in the crosswalk that a wheelchair user like Mr. Thompson could not avoid as he wheeled to/from Javier's.

20. As his wheels got stuck in the crosswalk gaps, Mr. Thompson's wheelchair abruptly tilted forward and he fell out of his wheelchair, hurting his wrists as he braced himself for the impact with the pavement. He fell into the curb ramp and his wheelchair rolled into in the vehicular drive aisle, which posed a serious risk of danger. Mr. Thompson was frustrated, distressed, and embarrassed by this experience.

21. Despite this experience, which caused Mr. Thompson difficulty, discomfort, or embarrassment and which poses a threat to the safety of all wheelchair users, Mr. Thompson intends to return to the Shopping Center. The Shopping Center is centrally located near his residence and those of his family and friends. Further, Mr. Thompson enjoys patronizing the Shopping Center's many shopping and dining options. Since the incident at Javier's, he has returned to the Shopping Center to dine and shop (including, but not limited to, in July 2023), and he intends to return to the Shopping Center again in the future to patronize its establishments. However, due to the barrier described above, he has experienced discomfort, difficulty, or embarrassment and has been denied full and equal access to the Shopping Center and its goods, services, amenities, and accommodations, and has been deterred from accessing and using the Shopping Center's facilities, goods and services in a manner equal to able-bodied customers.

22. In addition to barriers to disabled access that Plaintiff personally encountered at the Shopping Center, Plaintiff is informed and believes and thereupon

alleges that there are other barriers to wheelchair access throughout the Shopping Center which fail to comply with the ADA Standards for Accessible Design ("ADAS") and/or the California standards for disabled access. In this lawsuit, Plaintiff is entitled to, and seeks, injunctive relief to have Defendants remediate all existing barriers to wheelchair access at the Shopping Center, including those that he did not personally encounter and any that are not listed herein.  A comprehensive list of disabled access barriers at the Shopping Center for which Mr. Thompson seeks injunctive relief is attached hereto and incorporated by reference herein as **Exhibit 1.** Mr. Thompson seeks injunctive relief to have Defendants remediate all access barriers listed in Exhibit 1 so that when he returns to the Shopping Center, he is able to fully and equally use and enjoy all of its services, facilities, and accommodations on a full and equal basis.

23. Until the barriers to wheelchair access at the Shopping Center are addressed, Mr. Thompson will continue to be deterred from patronizing the Shopping Center in a manner equal to able-bodied patrons.

24. On or around April 24, 2023, Plaintiff, through his counsel, sent Defendants a letter about his access-related concerns, and invited Defendants to resolve this matter without litigation. On May 11, 2023, Plaintiff's counsel was contacted by an attorney for Defendant THE IRVINE COMPANY L.L.C. who indicated that he was reviewing the allegations of Plaintiff's April 24, 2023 letter. Since then, however, there has been no communication from Defendants or their counsel regarding the allegations of Plaintiff's April 24, 2023 letter. Plaintiff is informed and believes and thereupon alleges that Defendants have been on notice of these conditions since at least April 24, 2023.

25. Until Defendants address the barriers to wheelchair access described herein, Plaintiff will continue to suffer discrimination by being excluded and deterred

from using the Shopping Center and its facilities and services and will continue to be denied full and equal access to and use of the same services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

## CAUSE OF ACTION

### UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code §51 *et seq.*)

26.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.  The Shopping Center is a business establishment and, as such, must comply with the provisions of the Unruh Civil Rights Act. Cal. Civ. Code §51 *et seq*.

28.  The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). It also provides that a violation of the Americans with Disabilities Act ("ADA"), or of California state accessibility regulations, is a violation of the Unruh Civil Rights Act. *Id.* at §51(f).

29.  Defendants have violated the Unruh Civil Rights Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Shopping Center.

30.  Defendants have also violated the Unruh Civil Rights Act by violating Title III of the ADA.

31.  Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below. Specifically, Plaintiff seeks injunctive relief pursuant to Cal. Civ. Code §52(c)(3) to have Defendants bring the Shopping Center into compliance with applicable accessibility standards, and

minimum statutory damages of $4,000, but in no event greater than $25,000, for the ADA violations that denied Plaintiff full and equal access on or about January 29, 2023 (*see* Cal. Civ. Code §§52, 55.56(a)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. That this Court issue an injunction pursuant to Cal. Civ. Code §52(c)(3) ordering Defendants to alter the Shopping Center to make it readily accessible to and usable by individuals with disabilities;

2. That this Court award minimum statutory damages of $4,000 pursuant to the Unruh Civil Rights Act, but in no event greater than $25,000, based on Plaintiff's visit to the Shopping Center described above where he, on information and belief, encountered ADA violations that denied him full and equal access;

3. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code §52, and Cal. Code of Civil Procedure §1021.5; and

4. Such other and further relief as the Court may deem just and proper.

Dated: September 5, 2023	**THE HARRISON LAW GROUP, P.C.**

By:	/s/ Sara Pezeshkpour
	JEFF A. HARRISON
	SARA PEZESHKPOUR
	Attorneys for Plaintiff, STEWART
	THOMPSON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 5, 2023             **THE HARRISON LAW GROUP, P.C.**

                                     By:  /s/ Sara Pezeshkpour
                                          JEFF A. HARRISON
                                          SARA PEZESHKPOUR
                                          Attorneys for Plaintiff, STEWART
                                          THOMPSON

# VERIFICATION

I, STEWART THOMPSON, am the Plaintiff in this action.

I have read the foregoing **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** FOR VIOLATIONS OF CAL. CIV. CODE §51 et seq., and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4th, 2023 in Irvine, California.

STEWART THOMPSON